Tucker, P.
It is with great regret that I feel myself compelled to pronounce the opinion that this judgment must be affirmed. The process by which I arrive at this conclusion, is simple, and avoids much of the argument, and some of the points made in the course of the discussion.
I proceed, first, upon the well established principle, that, except in a few cases, the rule is general, that he who sues upon a joint contract, cannot recover a separate judgment against one of the defendants. So firmly is this principle fixed, that even where one of two joint defendants confesses the action, no judgment can be entered against him till the issue made up by his co-defendant is tried, and it is wholly set aside if the issue be found for the co-defendant. Jenkins v. Hurt’s com’rs, 2 Rand. 446; Taylor v. Beck, 3 Rand. 316. The recent statute of 1839 makes no other change in this principle, than to provide that, in a joint action, if the process be executed as to some and not as to all, the plaintiff may proceed to judgment against those who have been arrested, and discontinue as to the others, or proceed against them successively.
The question then presents itself, whether a joint judgment can be entered in this case, against all the defendants ? And I think it cannot; for if the contract be not joint, a joint judgment cannot be rendered; and admitting that the bond was not avoided by Hoofman’s *641 execution of it (-which seems very clear, since his name and seal are only added, and the writing itself is wholly unaltered) and admitting also, that Hoofman is hound hy his signing and sealing (which seems also clear) yet to my mind it seems not less clear, that, as between Hoofman and the three other obligors the contract is not joint. All indeed are bound; but Hoofman is only severally bound, while the obligation as to the three •others is joint as between themselves, and several as it relates to Hoofman. I speak not of the contract as it appears upon its face, but of the contract or transaction as disclosed by the pleadings and the evidence. There can be no doubt, indeed, that the action upon the contract as it stands, was properly a joint action, and I do not perceive how any other action could have been brought on it, for it contains no words of severalty. Hor could the defendant Hoofman have pleaded the special matter, so as to shew that the contract was .not joint; he is estopped by his seal to. deny it. Thé •others might doubtless have so pleaded, though they have not done so. But the plaintiff has been driven by the exigencies of his ease to allege the matter himself. To avoid the effect of Edwards’s plea, he sets forth, in his replication, the fact that Hoofman was no original party to the bond, but that he executed it ■some time after the day of payment loas past Could he then have been jointly bound with the others ? I apprehend not. A joint obligation implies unity of time, •of act, and extent of obligation. Hot, indeed, that •all must sign and seal at the same time; but the obligation on all must take effect at the same time to make it joint. The execution by others afterwards may make it good as to them, and not avoid it as to the others; but it does not therefore make it Jornias to them all. "When, therefore, a bond has been executed by three and perfected by delivery, though the sealing .and delivery by another afterwards, will bind him *642 and not avoid the bond as- to the others, yet the obligation is not joint but several,, though he may by his-deed be estopped to deny it.. This will be more clear,, when we consider, that if they are'not jointly bound with him, he cannot be jointly bound with them., blow,, they are clearly not jointly bound with him. For when they signed and sealed, he* was not known-in the transaction. They did not jointly with him: oblige themselves to pay. Treadway and Edwards bound themselves jointly with Cook to pay.. If Cook failed Tread-way would have Edwards to bear- one half the debt. If Hoofman is to be intruded into the transaction without Treadway’s consent, he may be obliged to look to-him for his contribution, before he can resort to Edwards for more than a third. By what right could. Baber, Cook, Edwards and -Hoofman, change Tread-way’s rights and responsibilities-under this contract? They had no right to judge for.-him, that the arrangement would be for his benefit.. Every contracting-, party has the exclusive right of judging quoad hoc for himself. I hold, then, that the three first named obligors in this bond, are not jointly bound with the-, fourth, upon the transaction as it really occurred,, the-bond not having the unity of time and. act essential to» making it joint. Hor had it the same extent of obligation. When Hoofman signed and sealed, the debt was already due and payable by Cook, Edwards and Treadway. Bid the bond bind him to pay at a day which was past ? The plaintiff’s own replication shews-that he executed the bond after the date of it. It is,, then, to be construed according, to the true time of' execution. Whether that would give him twelve months after that time for payment, may perhaps be questionable. If not, then he was bound either to pay presently, or at a time past. The latter is impossible,, and the former is a different obligation from that of' the others. It cannot therefore be a joint contract.
*643 It is true, as already said, the effect of the estoppel might perhaps have prevented Ho'ofman from alleging the fact that the date of the bond was not the true date. But be this as it may, the plaintiff himself has alleged the true date. And this brings me to observe, that upon the pleadings in this ease the plaintiff never could have had judgment. Had the jury found the issues in his favour, the judgment must have been arrested. For, in the first place, there is a iatal departure in pleading: the declaration alleges a joint contract; the replication shews a separate one: the declaration alleges that the defendants, on the 17th December, 1832, sealed and delivered: the replication admits that Iloofman sealed and delivered sometime in March, 1834: the declaration sets up one contract,, the replication another: the declaration sets forth a contract to which Treadway was a party, the replication one to which he was not privy. In the second place, the various matters in the replication shew that the contract was not joint, and so there could not be a joint judgment. In the third place, the declaration alleges a breach by Hoofman, in not paying in 1833, when, according to the replication, he was at that time no party to the bond, and not bound to pay the debt. With all these fatal objections, a verdict for the plaintiff would have done him no good. Judgment must have been arrested, and entered for the defendant.
I think the judgment should be affirmed.
Brooke, J.
I do not think it necessary to give any opinion as to the irregularity of the pleadings. That would be proper if there had been a demurrer, but the general verdict for the defendants cures all the errors in the pleadings, according to the uniform decisions of this court on the statute of jeofails. I think the only question before us is that which arises on the bill of exceptions to the opinion of the court refusing a *644 new trial; and, upon the facts therein stated, I cannot doubt the correctness of that opinion. On this ground I think the judgment ought to be affirmed.
Cabell, J. concurred in the opinion delivered by the president.
Stanard, J.
I am of opinion, that upon the case made either by the pleadings or by the evidence, this action, to sustain which it is necessary to shew a joint responsibility of Cook, Treadway, Edwards and Hoof-man, cannot be sustained; because the existence of such joint responsibility is negatived as well by the pleadings as by the evidence. If this be so, judgment must eventually have been rendered for the defendants, whatever had been the fate of the trial of the issues before the jury. In this aspect of the case, whatever might be the opinion of the court as to the conformity of the verdict of the jury upon the issues with the evidence, it would be supererogatory to have a new trial of the issues so far as the fate of this action is concerned. But looking to the plaintiff’s ulterior remedies, either against the original obligors, or against Hoofman, my apprehension has been (though without ■coming to any definite opinion as to what those remedies, if any, are, or may be) that judgment in this case, after the verdict on the issues, and the refusal of the court to set aside that verdict, might be a bar to any such remedy; and if such be the necessary consequence, thinking as I do that the finding of the jury for the defendants on the issues of fact, is not warranted by the evidence,' I should be of opinion to set aside the verdict. But two of my brethren think, that a judgment of this court that this action, being on a joint responsibility, is for that cause not sustainable, and that our affirmance of the judgment on that ground *645 will oppose no bar to tbe remedies, if any, which the plaintiff' may have against the original obligors on their original obligation, or against Hoofman, I acquiesce in that opinion, and concur in affirming the judgment.
Judgment aeeirmed.